## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **ARTISHA HOUSTON**, on behalf of herself and all others similarly situated, | ) ) | Case No. |
| | ) | |
| Plaintiff, | ) ) | Judge |
| | ) | |
| vs. | ) ) | **COLLECTIVE ACTION COMPLAINT** |
| **BBQVC FOOD GROUP LLC** | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) | |

Plaintiff Artisha Houston ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective action Complaint against Defendant BBQVC Food Group LLC ("Defendant"), states as follows:

### INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA").

2.      Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b)." (the "Putative Collective")

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5.     Plaintiff is an adult individual residing in Memphis, Tennessee.

6.     Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

7.     At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

8.     Defendant is a Tennessee for-profit corporation that can be served through its registered statutory agent: Brian Hull, 5255 Poplar Avenue, Memphis, Tennessee 38119.

9.     At all relevant times, Defendant comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10.     At all relevant times, Plaintiff and the Putative Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTS

11.     Defendant owns and operates restaurants in several states under the trade name Corky's BBQ.

12.     Defendant employs servers to provide services to its restaurant patrons.

13.     Members of the Putative Collective were employed as servers at Defendant's Corky's BBQ locations within the last three years.

14.     Plaintiff was employed as a server at Defendant's Cordova, Tennessee location within the last three years.

15.     Defendant pays its servers, including Plaintiff and the Putative Collective, at an hourly rate below minimum wage. Indeed, Plaintiff and the Putative Collective are paid as little as $2.13 per hour.

16.     By paying Plaintiff and Putative Collective Members less than the minimum wage per hour, Defendant is attempting to take advantage of a tip credit which allows employers to count a portion of the amount servers receive as tips towards Defendant's obligation to pay tipped employees a minimum wage.

17.     However, Defendant maintains a policy and practice whereby servers are required, during their regular shifts, to perform non-tip producing "side work" unrelated to the servers' tipped occupation, as well as non-tip producing side work related to the servers' tipped occupation.

18.     Specifically, Defendant maintains a policy and practice whereby servers are required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant (including bathrooms), preparing food for customers, refilling condiments, and clearing tables.

19.     While Plaintiff and Putative Collective Members were performing non-tip producing side work, Defendant continued to pay Plaintiff and Putative Collective Members less than minimum wage (and as little as $2.13 per hour) and relied on the tip credit to meet Defendant's obligation to pay Plaintiff and Putative Collective Members minimum wage.

20.     Defendant's policy and practice of paying Plaintiff and Putative Collective Members the tipped minimum wage (or less than the allowed tipped minimum wage) while they were

performing non-tip producing work violated the FLSA. As such, Plaintiff and the Putative Collective Members were not compensated appropriately at the minimum wage mandated by the FLSA.

21.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

23.     The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is also a member, is composed of and defined as follows:

> **All current and former servers employed at Defendant's Corky's BBQ restaurants who were paid at or below the tipped minimum wage at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

24.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

25.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

## <u>COUNT ONE</u>
### (FLSA Minimum Wage Violations)

26.     Plaintiff, on behalf of herself and the Putative Collective Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

27.      Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

28.      At all times relevant, Plaintiff and the Putative Collective Members have been employees of Defendant within the meaning of the FLSA.

29.      At all times relevant, Plaintiff and the Putative Collective Members have been covered by the FLSA.

30.     Defendant failed to pay Plaintiff and the Putative Collective Members the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

31.     Defendant was not eligible to avail themselves of the tipped minimum wage rate under the FLSA, because Defendant required Plaintiff and the Putative Collective Members to perform a substantial amount of dual job duties and side work. During these periods, Defendant compensated Plaintiff and the Putative Collective Members at the tipped minimum wage rate (or a lower amount) rather than at the full hourly minimum wage rate as required by the FLSA.

32.     Plaintiff and the Putative Collective are paid as little as $2.13 per hour, which is less than the federally mandated minimum wage for tipped employees, which violated the FLSA.

33.     Due to Defendant's violations of the FLSA, Plaintiff and Putative Collective Members are entitled to recover from Defendant their unpaid minimum wages, liquidated damages equal in amount to the unpaid wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees and costs.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendant, jointly and severally, and in favor of Plaintiff and the Putative Collective;

C.     Award Plaintiff and the Putative Collective actual damages for unpaid wages;

D.     Award Plaintiff and Putative Collective liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the Putative Collective;

E.     Award Plaintiff and the Putative Collective pre-judgment and post-judgment interest at the statutory rate;

F.     Award Plaintiff and the Putative Collective attorneys' fees, costs, and disbursements; and,

G.     Award Plaintiff and Putative Collective further and additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Robert C. Bigelow*
Robert C. Bigelow #022022
**BIGELOW LEGAL PLLC**
4235 Hillsboro Pike, Ste. 301
Nashville, TN 37215
rbigelow@bigelowlegal.com
(615) 829-8986

*Counsel for Plaintiff*

6

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robert C. Bigelow*

*Counsel for Plaintiff*